BERTA WALZ, Appellant, *v.* PAUL HELFER, INC., Respondent.

Argued June 11, 1941; decided July 29, 1941.

*Stanley P. Meyerson* and *Edward L. Coffey* for appellant. The owner of business premises must exercise affirmative reasonable care to invitees upon the premises to inspect and keep such premises in a reasonably safe condition, and the owner is charged with the duty towards such persons of giving notice or warning of any dangerous condition not apparent to one in the exercise of reasonable diligence. (*Haefeli* v. *Woodrich Engineering Co.*, 255 N. Y. 442; American Law Institute, Restatement of Torts, vol. 2, § 343, comment *e.*) The circumstances are sufficient to raise an issue of negligence. (*Eisenberg* v. *Kemp, Inc.*, 256 App. Div. 698; *McDonald* v. *Liggett Co.*, 241 App. Div. 913; *Thompson* v. *Palladino*, 250 App. Div. 817; 275 N. Y. 633; *Haefeli* v. *Woodrich Engineering Co.*, 255 N. Y. 442; *Laudrie* v. *Grant Co.*, 241 App. Div. 904.)

*Milton Turkel* for respondent. If the floor was wet and slippery, as the appellant claims, she either observed or should have observed its condition, and, therefore, the complaint was properly dismissed. (*Powers* v. *Montgomery Ward & Co.*, 251 App. Div. 120; *Hart* v. *Grennell*, 122 N. Y. 371; *Garthe* v. *Ruppert*, 264 N. Y. 290; *Fishman* v. *Brooklyn Jewish Center, Inc.*, 234 App. Div. 319.)

*Per Curiam.* The record presents issues of fact concerning negligence and freedom from contributory negligence. The washing of the floor of a store during business hours presents a different situation from the cleaning of the stairs of an apartment house (*Samuels* v. *Terry Holding Co.*, 253 N. Y. 593) or the floor of a railroad station (*Curtiss* v. *Lehigh Valley R. R. Co.*, 233 N. Y. 554).

The judgments should be reversed and a new trial granted, with costs to the appellant to abide the event. (See 286 N. Y. 700.)

LOUGHRAN, FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur; LEHMAN, Ch. J., dissents.

Judgments reversed, etc.